UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| **NATHANIEL HARRIS,** | Civil Action No. |
| Plaintiff, | |
| vs. | |
| **PERFORMANT RECOVERY, INC.; and DOES 1 through 10, inclusive,** | **COMPLAINT AND DEMAND FOR JURY** |
| Defendants. | |

## COMPLAINT

### *I.   INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Nathaniel Harris, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.   PARTIES

3. Plaintiff, Nathaniel Harris, is a natural person with a permanent residence in Port Saint Lucie, Saint Lucie County, Florida 34953.

4. Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are

primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at their place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

8. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

9. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

10. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

11. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by harassing Plaintiff at work after being informed that Plaintiff cannot take calls at work.

## V.  FIRST CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

    (b) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

    (c) Defendant violated *§1692d* of the FDCPA by engaging in conduct that lead to the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (d) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

14. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Nathaniel Harris, for declaratory judgment that Defendant's conduct violated the FDCPA, for actual damages, statutory damages, costs, and attorney fees.

### VI.   SECOND CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendant violated the Florida Fair Debt Collection Practices Act 559.55 (hereinafter "FFDCPA").  Defendant's violations include, but are not limited to, the following:

> (a) Defendant violated *559.72(7)* of the FFDCPA by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor or their family, or willfully engaged in other conduct, which can reasonably be expected to abuse or harass the debtor or any member of their family.

18. Defendant's acts as described above were done intentionally with the purpose of getting payment from Plaintiff for the alleged debt.

19. As a result of the foregoing violations of the FFDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and the FFDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

///

///

///

///

///

///

///

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Nathaniel Harris, demands trial by jury in this action.

Dated: August 13, 2013

                                                RESPECTFULLY SUBMITTED,

                                                By: /s/ Benjamin H. Crumley
                                                Benjamin H. Crumley, Esq.
                                                Florida Bar No. 018284
                                                Crumley & Wolfe, P.A.
                                                2254 Riverside Avenue
                                                Jacksonville, FL 32204
                                                Phone: (904) 374-0111
                                                Fax: (904) 374-0113
                                                Email: ben@cwbfl.com
                                                *Attorneys for Plaintiff,*
                                                *Nathaniel Harris*